IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:10-cr-218-D (01) |
| | § | |
| JUSTIN LAURIN PRATHER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO COMPEL**

In this closed criminal case, in which the December 2010 judgment against Defendant Justin Laurin Prather has been final for more than five years, Prather has moved, under Federal Rule of Criminal Procedure 16 ("Rule 16"), to compel the release of certain documents related to the calculation of the restitution amount he has been ordered to pay. *See* Dkt. No. 30.

United States District Judge Sidney A. Fitzwater has referred Prather's motion to the undersigned United States magistrate judge for determination or recommendation under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 31. The government has filed a Court-ordered response, *see* Dkt. Nos. 32 & 33, and Prather obtained leave to file, and has filed, a reply brief, *see* Dkt. Nos. 34, 35, 36, & 37.

For the reasons and to the extent set out below, the Court DENIES Prather's motion to compel.

**Applicable Background**

Pursuant to a plea agreement, which contained an appellate waiver, Prather

-1-

pleaded guilty to, and was convicted of, wire fraud, in violation of 18 U.S.C. § 1343. On

December 10, 2010, the Court sentenced Prather to 121 months' imprisonment and,

under the Mandatory Victims Restitution Act – which "makes restitution mandatory

for certain crimes, 'including any offense committed by fraud or deceit,'" *United States

v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010) (quoting 18 U.S.C. § 3663A(a)(1),

(c)(1)(A)(ii) – he was ordered to pay restitution of more than $17 million.

Prather did not file a direct appeal. Nor has he filed a motion under 28 U.S.C.

§ 2255. And, unless statutorily or equitably tolled, the time period within which to file

such a motion expired years ago. *See United States v. Plascencia*, 537 F.3d 385, 388

(5th Cir. 2008) (where no direct appeal is filed, a conviction becomes final for purposes

of Section 2255 "upon the expiration of the ... period for filing a direct appeal"); *see also*

FED. R. CIV. P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1).

Through the applicable motion to compel – his first such motion having been

denied without prejudice, *see* Dkt. Nos. 28 & 29 – Prather contends that "the

government has failed to produce information it must produce under Rule 16," Dkt. No.

30 at 6. Specifically, Prather seeks documents purportedly in the possession of the

United States Probation Office for this district that support the restitution amount

that he has been ordered to pay, claiming that these documents are discoverable under

Rule 16(a)(1)(E). *See id.* at 7-10.

## Legal Standards and Analysis

To begin, it is established that "Rule 16, on which [Prather] relies, governs

pre-trial disclosure and has no application here, where the defendant has already been tried and convicted." *United States v. McNair*, No. 1:00cr89-DCB, 2011 WL 2194015, at *1 (S.D. Miss. June 6, 2011); *see also United States v. Jeffries*, No. 1:07cr56, 2010 WL 785355, at *1 (W.D.N.C. Mar. 4, 2010) ("While Rule 16 of the Federal Rules of Criminal Procedure creates a continuing duty on the part of the Government to disclose relevant documents, such duty exists only 'before or during trial.' Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery." (quoting FED. R. CRIM. P. 16(c))).

However, because Prather claims that the information he seeks "relates to preparing the defense in a post-conviction matter related to the calculation of victim restitution and loss," Dkt. No. 30 at 9; *but see United States v. Cordero-Perez*, No. 6:14-cr-177-Orl-22TBS, 2015 WL 403231, at *5 (M.D. Fla. Jan. 28, 2015) ("Documents or other objects are discoverable under Rule 16(a)(1)(E) only if (i) they are material to preparing the defense, (ii) the government intends to use them in its case-in-chief at trial, and (iii) the item was obtained from or belongs to the defendant."), the Court also has considered Prather's motion to compel under Rule 6(a) of the Rules Governing § 2255 Cases. But, as "there is no § 2255 petition pending in this case," "the provisions of Rule 6(a) are simply inapplicable." *Jeffries*, 2010 WL 785355, at *1.

And, even if a motion under Section 2255 was pending, the motion to compel fails to exhibit the requisite good cause necessary to obtain discovery in a post-conviction proceeding. *See United States v. Fields*, 761 F.3d 224, 478 (5th Cir. 2014) ("'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

discovery as a matter of ordinary course.' *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing § 2255 Cases permits discovery 'for good cause.' Rule 6 of the Rules Governing 28 U.S.C. § 2255."); *see also Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1264 (11th Cir. 2010) ("Federal habeas rules ... require a 'good cause' threshold showing for discovery requests in habeas proceedings, and the [United States] Supreme Court has stated that it sees 'no due process problem' with the federal habeas standard." (quoting *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009); citation omitted)).

"A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Fields*, 761 F.3d at 478 (quoting *Bracy*, 520 U.S. at 908-09). Here, however, Prather fails to show that any request for post-conviction relief he may choose to bring in the future based on the discovery he requests now would not be time-barred – "[t]here can be no good cause for allowing discovery pertinent only to the merits of an untimely claim." *Garcia v. Perez*, No. SACV 15-0397-JPR, 2016 WL 1028002, at *13 (C.D. Cal. Mar. 14, 2016) (citing *United States v. Skinner*, Nos. 03:03-CR-00176-LRH-VPC & 03:06-CV-00733-LRH-VPC, 2010 WL 1462935, at *5 (D. Nev. Apr. 9, 2010)); *cf. Springer v. Thaler*, Civ. A. No. H-09-3627, 2010 WL 2331391, at *10 (S.D. Tex. June 9, 2010) ("Because Springer fails to articulate specific facts justifying his delay [in seeking habeas relief], his [discovery] request falls far short of the showing of good cause necessary to permit

-4-

discovery under Rule 6.").

## Conclusion

For the reasons and to the extent stated in this order, the Court DENIES the

pending motion to compel [Dkt. No. 30].

SO ORDERED.

DATED: November 23, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE